UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID HARRISON, | No. 2:22-cv-1020 CKD P |
| Petitioner, | |
| v. | ORDDER AND |
| D. BEWER, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

    Petitioner is a federal prisoner at FCI Herlong which is located within the geographical jurisdiction of this court. He has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a conviction and sentence entered in the United States District Court for the Middle District of Florida.

    Generally speaking, a challenge to the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court, while a challenge to the execution of a sentence must be brought pursuant to 28 U.S.C. § 2241 in the custodial court. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Under the savings clause of § 2255, however, a federal prisoner may file a habeas corpus petition pursuant to § 2241 to contest the legality of a sentence where his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." Id. at 864-65. 28 U.S.C. § 2255(e).

/////

In the Ninth Circuit, a petitioner may proceed under the § 2255(e) savings clause if the petitioner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008) (internal quotation omitted).

Petitioner asserts that if he seeks relief in Florida via a § 2255 motion some of his claims will be denied due to Eleventh Circuit search and seizure case law which differs from Ninth Circuit case law. This does not satisfy the second savings clause requirement identified above as differing case law does not necessarily amount to a procedural obstruction. Nothing suggests any procedure will prevent petitioner from presenting any of his claims in a § 2255 motion. The fact that a claim will be found not to have merit based upon Eleventh Circuit case law is inconsequential. See McCarthan v. Director of Goodwill, 851 F.3d 1076, 1087 (11th Cir. 2017) ("That a particular argument is doomed under circuit precedent says nothing about the nature of the motion to vacate. The motion to vacate is still 'adapted to the end' of testing the claim regardless of the claim's success on the merits.")

For all the foregoing reasons, the court will recommend that petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice to petitioner filing a motion under 28 U.S.C. § 2255 in the United States District Court for the Middle District of Florida.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be denied without prejudice to petitioner filing a motion under 28 U.S.C. § 2255 in the United States District Court for the Middle District of Florida.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

/////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 25, 2022

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
harr1020.2241